**THE HOWLEY LAW FIRM P.C.**
1345 AVENUE OF THE AMERICAS, 2ND FLOOR
NEW YORK, NEW YORK 10105
(212) 601-2728
JHOWLEY@HOWLEYLAWFIRM.COM

March 13, 2024

<u>Via ECF</u>

The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

>Re:  *Yiqun Zhao v. Lennart C. Belok, M.D.*, 1:24 Civ. 01793 (JHR)
>     Letter Motion to Extend Sealing of Unredacted Complaint

Dear Judge Rearden:

    I am the attorney for plaintiff Yiqun Zhao in the above-captioned matter.  I submit this letter motion pursuant to Federal Rule of Civil Procedure 5.2(d) for an Order extending the partial sealing of the Complaint previously ordered by U.S. District Judge Jesse M. Furman.

    On March 4, 2024, plaintiff filed a motion under Case Number 1:24-mc-00100 requesting leave to file an unredacted complaint under seal, and a redacted complaint available for public viewing on the Court's ECF system.  Judge Furman granted the motion on March 7, 2024.  A copy of Judge Furman's Order is attached to this letter motion.

    Plaintiff filed the redacted complaint on Friday, March 8, 2024 [ECF No. 1] and the unredacted complaint on Monday, March 11, 2024, when it was placed in the vault, under seal, in the Clerk's office [ECF No. 4].

    Judge Furman's Order provides for the unsealing of the unredacted complaint within one week of filing "unless, before that time, Plaintiff files a motion with the assigned District Judge to extend the sealing."  In compliance with that Order, plaintiff is filing this letter motion to extend the seal.

    In her complaint, plaintiff alleges claims against her former physician for sexual assault and battery, negligence, breaches of fiduciary duties, and intentional infliction of emotional distress.  In the unredacted complaint that has been filed under seal, plaintiff describes her HIPAA-protected medical information including her physical and mental diagnoses, treatments, and medications.  *See* Unredacted Complaint ¶¶ 8-9, 20, 22-24, 29, 31-34, 47.  The redacted

complaint removes from the public record the HIPAA-protected medical information in the afore-mentioned paragraphs.

The medical information that has been redacted falls within the category of information that may be redacted without Court approval pursuant to Rule 9(a) of Your Honor's Individual Rules and Practices in Civil Cases. It also falls within the category of information requiring "caution" under the Privacy Policy in this District. For these reasons alone, we respectfully submit that the seal should be extended.

Extending the seal to allow redaction of HIPAA-protected information is also consistent with precedent in this Circuit, which holds that, in "determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Doe v. Apfel*, 98 Civ. 0182 (JG), 1999 WL 182669, at *3 (E.D.N.Y. Mar. 22, 1999) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). As established by Congress in the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the privacy of an individual's health information is of utmost importance and should be shielded from public view. *See* Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936. For this reason, courts frequently permit the sealing of court filings containing medical information. *See, e.g., Doe*, 1999 WL 182669, at *3.

For all the foregoing reasons, plaintiff respectfully requests entry of an Order extending the sealing of the unredacted complaint in this action.

                                              Respectfully submitted,

                                              */s John J.P. Howley*

                                              John J.P. Howley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
YIQUN ZHAO,

                         Plaintiff,                    Case No. 1:24-mc-00100

       -against-                             **ORDER TO FILE REDACTED COMPLAINT**

LENNART C. BELOK, M.D. and
ELLEN L. BELOK a.k.a. ELLEN HONIG,

                        Defendants.
---------------------------------------------------------------X

Plaintiff, having moved to file a new civil case with a redacted complaint and the Court having reviewed the application and having found sufficient cause under Federal Rule of Civil Procedure 5.2(d) to order this case to be filed with a redacted complaint in a case available in public view on the court's ECF system and an unredacted complaint filed under seal in the traditional manner, in paper form, it is hereby ORDERED this case may be filed with a redacted complaint in a case available in public view on the court's ECF system and an unredacted complaint filed under seal in the traditional manner, in paper form. The parties are directed to proceed in accordance with the instructions for filing under seal found in the court's ECF Rules & Instructions, Rule 6.14, and present the case initiating documents to the Clerk of Court in the traditional manner, in paper form. The Clerk is directed to restrict access to this order to the selected party viewing level ^to terminate ECF No. 3 and close this case.

Dated:  New York, New York        SO ORDERED:
         March __7__, 2024

                                                      _____

All papers shall be unsealed within one (1) week of filing unless, before that time, Plaintiff files a motion with the assigned District Judge to extend the sealing. Additionally, Plaintiff's proposed unredacted Complaint, ECF No. 3-2, appears to also contain redactions. Plaintiff shall be sure to file all case initiating documents in full unredacted form under the temporary seal granted herein when filing the case.