**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
YIQUN ZHAO,

                Plaintiff,                                            **ORDER**

           -against-                                               **24-cv-1793 (JHR) (JW)**

LENNART C. BELOK, M.D., *and*
ELLEN L. BELOCK, *a/k/a Ellen Honig*,

                Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

This action has been referred to this Court for general pretrial supervision, as well as Plaintiff's motion to seal at Dkt. No. 5.  Dkt. No. 7.  The instant action was filed on March 8, 2024.  Dkt. No. 1 (the "Complaint" or "Compl.").  The Complaint is sealed and does not currently appear on the docket.[1]  Previously on March 5, 2024, Plaintiff sought leave to file the unredacted Complaint under seal in an action captioned 1:24-mc-100 (JMF) (the "Misc. Case").  See Misc. Case Dkt. No. 3.  On March 4, 2024, District Judge Furman granted the sealing request and ordered that the instant action could be filed with a redacted Complaint available in public view on the Court's ECF system.  See Misc. Case Dkt. No. 5.  District Judge Furman's order noted that the assigned District Judge would need to extend the sealing order to maintain the seal on the Complaint.  Id.  Before this Court is Plaintiff's request to extend the sealing of the unredacted Complaint.  Dkt. No. 5.  For the reasons stated below, Plaintiff's request is GRANTED.

---

[1] While the Complaint appears at Dkt. No. 1, there is no document linked such that the public could click and review the redacted Complaint.

It is well established that there is a presumption of public access to judicial documents and the Court must find that the presumption has been overcome before sealing or redacting a document. <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court determines whether the documents are "judicial documents" that are "useful in the judicial process." <u>Id.</u> Next, if the documents are judicial documents, the Court determines the weight of the presumption of public access. <u>Id.</u> at 119. Finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." <u>Id.</u> at 119-20. The assessment of whether the presumption in favor of public access is overcome must be made on a document-by-document basis. <u>See, e.g.</u>, <u>Brown v. Maxwell</u>, 929 F.3d 41, 48 (2d Cir. 2019).

Here, the Complaint is a "judicial document" that is "relevant to the performance of the judicial function and useful in the judicial process," <u>Lugosch</u>, at 115 (citing <u>United States v. Amodeo</u>, 44 F.3d 141, 145 (2d Cir. 1995)). The Second Circuit has been clear that "the modern trend in federal cases is to classify pleadings in civil litigation . . . as judicial records." <u>Bernstein v. Bernstein Litowitz Berger & Grossmann LLP</u>, 814 F.3d 132, 140 (2d Cir. 2016)(internal quotation marks omitted).

With respect to the presumption of public access, the Second Circuit has noted that "[p]ublic access to complaints allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern." <u>Id.</u> at 141. In <u>Bernstein v. Bernstein Litowitz Berger & Grossmann LLP</u>, the Second Circuit "easily determine[d] that the

weight of the presumption" of public access to a complaint was strong because pleadings are "highly relevant to the exercise of Article III judicial power." Id. at 141-42.  Similarly, in the instant action, because the sealing of portions of the Complaint is at issue, the weight of the presumption of public access is strong.

Finally, Plaintiff seeks to seal portions of the Complaint purported to include "HIPAA-protected medical information including [Plaintiff's] physical and mental diagnoses, treatments, and medications." Dkt. No. 5 at 2.  "[T]he proponent of sealing must 'demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d at 144 (quoting another source).  This Court has reviewed the unredacted Complaint at Dkt. No. 6-1 and the proposed redacted Complaint at Misc. Case Dkt. No. 3-3.  Having reviewed both documents, this Court is satisfied that the proposed redactions cover confidential medical information and may be properly sealed.  As Plaintiff notes, the information falls within the category of information requiring "caution" under the District's Privacy Policy.  Dkt. No. 5 at 2.  Further, this Court is satisfied that the allegations in the Complaint can be understood with the proposed redactions, and they are sufficiently narrowly tailored to balance the presumption of public access.  However, this Court notes that, if in the future it is necessary for the Court to opine on or resolve issues related to any redactions in the Complaint, this sealing order may be revisited.

**For the foregoing reasons, the Clerk of the Court is respectfully requested to close the motion to seal at Dkt. No. 5 as GRANTED and the seal**

**should be maintained.**  Plaintiff is directed to file the redacted Complaint on the docket for public viewing by **April 30, 2024**.

    SO ORDERED.

DATED:   New York, New York
           April 23, 2024

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge